**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

November 2, 2007


Dale A. Wein
Chapter 13 Trustee
Post Office Box 1329
Aberdeen, South Dakota 57402-1329

John H. Mairose, Esq.
Attorney for Debtors
2640 Jackson Boulevard, #3
Rapid City, South Dakota 57702

  Subject: *In re Ricardo J. Tudtud and Juanita A. Tudtud*
       Chapter 13; Bankr. No. 05-50029

Dear Counsel:

  The matter before the Court is Trustee Dale A. Wein's Motion to Modify Plan. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and the accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, Trustee Wein's motion will be denied.

  *Summary*. Ricardo J. Tudtud and Juanita A. Tudtud ("the Tudtuds") filed a petition for relief under chapter 13 (doc. 1). On their schedule of personal property, the Tudtuds listed a personal injury claim, which they valued at $100,000. They did not claim any portion thereof exempt.

  The Tudtuds included the personal injury claim in the liquidation analysis attached to their proposed plan (doc. 7). They did not assign a value to it or otherwise refer to it in their plan. Trustee Wein filed an objection (doc. 8) to the Tudtuds' plan, in part because he believed the Tudtuds needed to "clarify that any net proceeds obtainable from [the personal injury] claim must be paid to the Trustee for unsecured creditors."

Re: *Ricardo J. Tudtud and Juanita A. Tudtud*
November 2, 2007
Page 2


At the confirmation hearing,[1] Trustee Wein withdrew his objection on the record, on the condition that the order confirming the plan include certain language regarding the proceeds of the personal injury claim. The following day, the Court entered an Order Confirming Plan (doc. 10), which provided, in pertinent part:

> Any settlement received by the Debtors from pending litigation for personal injuries shall be subject to prior approval by the court[,] and the proceeds of the same shall be subject to Debtors' disposable income analysis.

Approximately two years later, the Tudtuds filed a Motion to Approve Settlement and Compromise on Personal Injury Claim and Allowing Payment of Subrogation Claims (doc. 37). No party in interest objected to the motion, and the Court entered an order (doc. 40) that approved the amount of the settlement ($325,000), authorized the distribution of $12,845.68 of the proceeds to the holders of certain subrogation claims, and directed Attorney Mairose to hold the balance of the proceeds in his trust account pending further order of the Court.[2]

Shortly after the settlement was approved, Trustee Wein filed a motion to modify plan (doc. 43), in which he asked the Court to

> modify the Debtors' Plan so as to increase the funding payable from the Debtors' personal injury proceeds in sufficient funds to pay the remaining amount of allowed unsecured claims in the amount of $113,989.97 together with the federal judgment rate of interest thereon together with the applicable statutory Trustee fees in order to fully repay the Debtors' unsecured creditors.

The Tudtuds filed an objection (doc. 47) to Trustee Wein's motion. In it, they argued "the funds they [were] receiving [were] not necessarily 'disposable income.'" They

---

[1] The Honorable Irvin N. Hoyt, presiding. By General Order dated August 2, 2006, the case was assigned to the undersigned.

[2] The Court has since entered orders (docs. 48 and 55) authorizing two additional distributions: $120,405.53 to the attorneys who represented the Tudtuds in settling their personal injury claim; and $50,000 to the Tudtuds to pay certain post-petition medical expenses.

Re: *Ricardo J. Tudtud and Juanita A. Tudtud*
November 2, 2007
Page 3


also argued that while "the majority of the allowed claims in this case are the debts of Ricardo Tudtud," all but a small portion of the settlement was "attributable to Juanita Tudtud's pain, suffering, future care[,] and permanent impairment."

Following a hearing on Trustee Wein's motion to modify, the parties submitted briefs (docs. 56, 57, and 58). The matter was then taken under advisement.

*Discussion*. Pursuant to 11 U.S.C. § 1329(a),

> [a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim[.]

11 U.S.C. § 1329(a). The problem in this case, and the reason for the Court's decision to deny Trustee Wein's motion, is the proposed modification is unnecessary. As noted above, under the order confirming the Tudtuds' plan, the settlement proceeds are *already* "subject to Debtors' disposable income analysis," which is essentially the relief sought by Trustee Wein's motion.

At the time of confirmation, it would have been better to deal with the potential proceeds of the personal injury claim within the parameters of the best interests of creditors test. *See* 11 U.S.C. § 1325(a)(4). The parties instead agreed to subject those proceeds to a disposable income analysis. The order confirming the Tudtuds' plan incorporated the parties' agreement. Neither side appealed, and that order is now a final order. *See* 11 U.S.C. § 1327(a).

The question of whether some or all of the remaining settlement proceeds constitutes disposable income can be answered when the Tudtuds complete the few remaining payments under their plan. The answer, however, will not depend on a separate analysis of Mr. Tudtud's disposable income and Ms. Tudtud's disposable income. In their schedules, the Tudtuds listed all their assets and all the claims against them as joint, with the exception of an IRA identified as Ms. Tudtud's. Moreover, neither their plan nor the order confirming it makes any distinction between "his" assets and the claims against him, on the one hand, and "her" assets and the claims against her, on the other. Finally, neither the Tudtuds' motion to approve settlement nor the order approving settlement allocated the settlement proceeds in the manner suggested by the Tudtuds in their objection to Trustee Wein's motion to modify and their supporting brief. In sum, the record does not support a finding that the Tudtuds' assets and liabilities comprise separate estates. *See* 11 U.S.C. § 302(b); Local Bankr. R. 1015-1. Their disposable income, in whatever amount, is just that, *their* disposable income.

Re: *Ricardo J. Tudtud and Juanita A. Tudtud*
November 2, 2007
Page 4

      The Court will enter an order denying Trustee Wein's motion to modify the Tudtuds' confirmed plan. Consistent with the Order Approving Settlement of Personal Injury Claim upon Compliance with Certain Directives (doc. 40), Attorney Mairose shall continue to hold the balance of the settlement proceeds in his trust account pending further order of the Court.

                                  Sincerely,

                                  Charles L. Nail, Jr.
                                  Bankruptcy Judge

cc:   case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota